UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| **SHELVA CORBIN**<br>31823 Northwestern Pike<br>Romney, WV 26757;<br><br>*Plaintiff*<br><br>v.<br><br>**H&S BAKERY, INC. d/b/a SCHMIDT BAKING COMPANY, INC.**<br>7801 Fitch Lane,<br>Baltimore, Maryland 21236<br><br>*Defendants* | Case No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT AND JURY DEMAND

**NOW COMES** the Plaintiff, Shelva Corbin, by and through undersigned counsel, and seeks a trial by jury on all counts alleged against Defendant H&S Bakery, Inc. d/b/a Schmidt Baking Company, Inc., and states as follows:

## PARTIES

1. Plaintiff, Shelva Corbin ("Plaintiff"), is an adult individual currently residing at 31823 Northwestern Pike, Romney, West Virginia, 26757.

2. Defendant, H&S Bakery, Inc. d/b/a Schmidt Baking Co., Inc. ("Defendant"), is a corporation organized and existing under the laws of the State of Maryland with a principal place of business located at 7801 Fitch Lane, Baltimore, Maryland 21236, and is capable of suing and being sued.

1

## JURISDICTION AND VENUE

3. This Court may exercise personal jurisdiction over Schmidt Baking Company, Inc., because at all times relevant to this action, it was a Maryland corporation; conducted business in the State of Maryland; and derived revenue from activities in the State of Maryland.

4. Jurisdiction in this Court is appropriate pursuant to 28 U.S.C. § 1332 in that complete diversity of citizenship exists among the parties and the matter in controversy exceeds the sum of seventy-five thousand dollars ($75,000). This action is not a collusive one designed to confer jurisdiction on a court of the United States, which it would not otherwise have.

## FACTS COMMON TO ALL COUNTS

5. At all relevant times, the Defendant was engaged in the business of manufacturing, distributing and selling bread products throughout the country, including in Virginia and West Virginia where Plaintiff shops for groceries.

6. On or around July 4, 2019, Plaintiff purchased hotdog rolls and hamburger buns (hereafter referred to as the "Subject Bread Products") at two separate Walmart stores in Winchester, Virginia and Keyser, West Virginia.

7. Upon information and belief, the Defendant manufactured the Subject Bread Products and caused them to be placed into the stream of commerce.

8. Plaintiff consumed the Subject Bread Products on or around July 10, 2019.

9. On July 10, 2019, another bread manufacturer, Flower Foods Inc., issued a voluntary recall with the Food and Drug Administration for hotdog rolls and hamburger buns with UPC codes matching those purchased by Plaintiff. The recall stated that the hotdog rolls and hamburger buns might contain trace pieces of plastic unfit and unsafe for consumption.

10. On July 11, 2019, Ms. Corbin presented to the Hampshire Memorial Hospital with complaints of acute stomach pain and underwent a CT scan of her abdomen and pelvis.

11. The CT scan revealed a structure traversing her anterior antral wall with extensive surrounding inflammatory changes.

12. Plaintiff was diagnosed with a gastric microperforation secondary to an ingested foreign body.

13. Plaintiff was then transferred to Winchester Medical Center for further care.

14. Plaintiff was admitted to Winchester Medical center from July 12, 2019 through July 16, 2019, where she received an exploratory laparoscopy with Graham patch repair.

15. Plaintiff's doctors and surgeons opined that the foreign object removed from Plaintiff during surgery was a piece of plastic she unwittingly consumed.

16. Following the procedure, Plaintiff was placed on pain medications and bowel rest. Plaintiff was started on a clear liquid diet and slowly advanced to post-operative solids after a period of weeks.

17. Plaintiff now has an unsightly scar on her stomach. To this day, she still experiences profound pain and discomfort when eating.

18. Despite admitting that the Defendant manufactured the Subject Bread Products, Defendant refuses to accept liability for the injuries sustained by Plaintiff as a result of consuming the plastic-laden Subject Bread Products.

19. As such, Plaintiff seeks judgment and damages against Defendant for the injuries she has sustained.

### **COUNT I: NEGLIGENCE**

20. Plaintiff repeats and realleges all previous paragraphs as if fully restated herein.

21. The Subject Bread Products were placed into the stream of commerce and negligently sold by the Defendant in a defective and unreasonably dangerous condition, in that the Subject Bread Products contained inedible pieces of plastic. This latent defect resulted in Plaintiff unwittingly consuming the plastic and suffering injuries as a result.

22. The Subject Bread Products reached Plaintiff without any substantial change in their condition, and were in the same condition at the time the Subject Bread Products were consumed by Plaintiff.

23. Plaintiff's injury occurred because of the Defendant's negligent distributing of bread products that contained plastic foreign objects. Plaintiff's injury would not have occurred had the Subject Bread Products been free of this foreign object.

24. The Defendant had a duty to prepare food that was safe for consumption and a duty to inspect the food to ensure it is safe for consumption. The Defendant breached those duties when they failed to do either.

25. Plaintiff's injuries were proximately caused by consumption of the defective Subject Bread Products manufactured, sold, and distributed by the Defendant. All such injuries were caused solely by the negligence of the Defendant, without any negligence on the part of the Plaintiff.

26. As the direct and proximate result of the Defendant's acts and omissions, the Plaintiff suffered ordinary, incidental, and consequential damages as would be anticipated to arise under the circumstances, which shall be fully proven at the time of trial.

27. As a result of the defect described above, Plaintiff suffered injury, pain, and discomfort, which continued for a prolonged period of time and are ongoing. She has incurred

medical bills and lost wages (past and future). All of these damages were incurred as a result of the Defendant's negligence, defect, failure to warn, and breach of warranty as described herein.

**WHEREFORE**, Plaintiff, Shelva Corbin, demands judgment against the Defendant, Schmidt Baking Company, Inc., in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages, plus interest, and costs.

## COUNT II: STRICT LIABILITY FOR DEFECT IN MANUFACTURE

28. Plaintiff repeats and realleges all previous paragraphs as if fully restated herein.

29. The Defendant manufactured and sold the Subject Bread Products that injured the Plaintiff.

30. The Defendants are liable for violations Sec, 21-201 et seq. of the Health General Article of the Annotated Code of Maryland, known as the Maryland Food, Drug, and Cosmetic Act, for selling foods that were dangerous for consumption.

31. The Subject Bread Products were placed in the stream of commerce and upon sale reached the Plaintiff without any substantial change in their condition.

32. The Defendant manufactured food products, and in particular, the Subject Bread Products, for sale to the public.

33. Bread products that contain plastic foreign objects are unsafe and thus defective when used in a reasonably foreseeable manner i.e., biting into or consuming them.

34. Said bread products in this condition are unfit for human consumption, and unreasonably dangerous to an extent beyond that contemplated by the ordinary consumer.

35. The Subject Bread Products that the Plaintiff purchased and consumed from the Defendant were contaminated with a plastic foreign object and were therefore, as a result, defective and unreasonably dangerous.

36. The Subject Bread Products that the Plaintiff purchased and consumed in a foreseeable manner were contaminated with the plastic foreign object when they left the Defendant's control.

37. The Plaintiff's consumption of the Subject Bread Products caused her severe pain and required surgery for removal as a direct and proximate result.

38. The Defendant is strictly liable to the Plaintiff for the harm proximately caused by the manufacture and sale of unsafe and defective food.

39. As the direct and proximate result of the Defendant's acts and omissions, the Plaintiff suffered ordinary, incidental, and consequential damages as would be anticipated to arise under the circumstances, which shall be fully proven at the time of trial.

40. As a result of the defect described above, Plaintiff suffered injury, pain, and discomfort, which continued for a prolonged period of time and are ongoing. She has incurred medical bills and lost wages (past and future). All of these damages were incurred as a result of the Defendant's negligence, defect, failure to warn, and breach of warranty as described herein.

**WHEREFORE**, Plaintiff, Shelva Corbin, demands judgment against the Defendant, Schmidt Baking Company, Inc., in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages, plus interest, and costs.

## COUNT III: FAILURE TO WARN

41. Plaintiff repeats and realleges all previous paragraphs as if fully restated herein.

42. The Defendant designed, manufactured, distributed, and sold food products, including the Subject Bread Products, which were contaminated with a rigid foreign object. The Subject Bread Products, as a result of contamination, were unfit for human consumption, thus defective, and was not reasonably safe as designed, constructed, manufactured and sold.

43.     The Defendant owed a duty to all persons who consumed their products to manufacture and sell bread products that were safe to eat and that were not in violation of applicable food and safety regulations.

44.     The Defendant owed a duty to all persons who consumed their products to maintain their premises in a sanitary and safe condition so that the bread products they manufactured and sold would not be contaminated. In the event that such actions were insufficient to protect the public, warnings should have been timely issued.

45.     The Defendant breached the duties owed to their customers, including Plaintiff, by committing the following acts and omissions of negligence:

    a.     Failure to adequately maintain or monitor the sanitary conditions of their products, premises, and employees;

    b.     Failure to properly operate their facilities in a safe, clean, and sanitary manner;

    c.     Failure to apply their food safety policies and procedures to ensure the safety and sanitary conditions of their food products, premises, and employees;

    d.     Failure to properly supervise their employees and agents to prevent the transmission of objects into their food products on their premises; and

    e.     Failure to take steps to mitigate injuries upon learning about the Flower Foods recall that involved substantially similar products.

46.     The Defendant owed a duty to the Plaintiff to use reasonable care in the manufacture, distribution, and sale of their food products, including the Subject Bread Products.

47.     The Defendant had a duty to comply with all statutory and regulatory provisions that pertained or applied to the manufacture, distribution, storage, labeling, and sale of their food products.

48. The Plaintiff's injuries were proximately caused and directly resulted from the Defendant's negligence.

49. As the direct and proximate result of the Defendant's acts and omissions, the Plaintiff suffered ordinary, incidental, and consequential damages as would be anticipated to arise under the circumstances, which shall be fully proven at the time of trial.

50. As a result of the defect described above, Plaintiff suffered injury, pain, and discomfort, which continued for a prolonged period of time and are ongoing. She has incurred medical bills and lost wages (past and future). All of these damages were incurred as a result of the Defendant's negligence, defect, failure to warn, and breach of warranty as described herein.

**WHEREFORE**, Plaintiff, Shelva Corbin, demands judgment against the Defendant, Schmidt Baking Company, Inc., in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages, plus interest, and costs.

## COUNT IV: BREACH OF IMPLIED WARRANTY

51. Plaintiff repeats and realleges all previous paragraphs as if fully restated herein.

52. The Defendant sold the Subject Bread Products to the Plaintiff with an implied warranty of merchantability. The Defendant knew or should have known that the Plaintiff intended to consume the Subject Bread Products immediately.

53. The Defendant was and is in the business of selling food to the public.

54. By offering bread products for sale to the general public, the Defendant impliedly warranted that such products were safe to eat, that they were not contaminated with plastic foreign objects, and that the bread products had been safely prepared under sanitary conditions.

55. The Plaintiff purchased the Subject Bread Products based upon an implied warranty that the Subject Bread Products were safe to consume and fit for consumption.

56. By selling the Subject Bread Products with a plastic foreign object in it, while knowing or having reason to know the food was unsafe, the Defendant breached the implied warranty of merchantability with regard to the food they manufactured and sold to the Plaintiff.

57. The Plaintiff's injuries were proximately caused and directly resulted from the Defendant's breach of implied warranties, and the Plaintiff is thus entitled to recover all actual, consequential, and incidental damages that flow directly and in a foreseeable fashion from these breaches.

58. Plaintiff suffered severe and painful injuries, which caused her and will continue to cause her great pain and mental anguish. Plaintiff suffered lost wages as a result of the accident and will suffer future lost wages for future treatment and/or surgeries.

59. Plaintiff has been forced to expend and will continue to expend in the future, large sums of money for medical care in the treatment of her aforesaid injuries. These injuries are permanent, and may require future treatment.

60. As the direct and proximate result of the Defendant's acts and omissions, the Plaintiff suffered ordinary, incidental, and consequential damages as would be anticipated to arise under the circumstances, which shall be fully proven at the time of trial.

61. As a result of the defect described above, Plaintiff suffered injury, pain, and discomfort, which continued for a prolonged period of time and are ongoing. She has incurred medical bills and lost wages (past and future). All of these damages were incurred as a result of the Defendant's negligence, defect, failure to warn, and breach of warranty as described herein.

**WHEREFORE**, Plaintiff, Shelva Corbin, demands judgment against the Defendant, Schmidt Baking Company, Inc., in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages, plus interest, and costs.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a jury trial for all counts asserted herein.

Respectfully submitted,
/s/ Peter T. Anderson
Peter T. Anderson, Esq.
MD Bar No. 18123
Christina Graziano, Esq.
(*Pro Hac Vice* forthcoming)
Ketterer, Browne & Anderson, LLC
336 S. Main Street
Bel Air, MD 21014
Telephone: (410) 420-0184
Email: Peter@kbaattorneys.com
         Christina@kbaattorneys.com

*Counsel for Plaintiffs*

Dated: July 23, 2020